IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY WHITE, SR., #M1572                                    PETITIONER

versus                                    CIVIL ACTION NO. 5:08cv164-DCB-MTP

CHRISTOPHER EPPS and
RONALD KING                                               RESPONDENTS

<u>REPORT AND RECOMMENDATION</u>

BEFORE THE COURT is the *pro se* Petition [1] of Tommy White for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. Having considered the Petition, the Answer [11], the Reply [14], the record of the state court proceedings and the applicable law, the undersigned is of the opinion that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be DENIED.

PROCEDURAL HISTORY

On April 7, 2006, following a jury trial, Petitioner was convicted of Aggravated Assault in the Circuit Court of Yazoo County, Mississippi.[1] Petitioner was thereafter sentenced by Order dated April 12, 2006 to serve a term of 20 years in the custody of the Mississippi Department of Corrections. *See* State Court Record ("SCR") vol. 1 at 27.

Petitioner directly appealed his judgment of conviction and sentences to the Mississippi Supreme Court, assigning as error the following (as stated by Petitioner's counsel):

Issue One:     The verdict was against the overwhelming weight of the evidence.

Issue Two:     The state committed reversible error during its closing argument by
               arguing facts not in evidence and with improper remarks that appealed to

---

[1] The facts of this case are set forth more fully *infra*, and in the Court of Appeals' decision denying Petitioner's direct appeal. *See White v. State*, 958 So. 2d 241 (Miss. Ct. App. 2007) (Exh. A to Answer). To briefly summarize, on November 13, 2003, an argument broke out at Geraldine Shaffer's home in Bentonia, Mississippi between Petitioner and Lloyd Jones, during which Jones was stabbed by a knife in his left side and suffered a punctured lung.

the bias and prejudice of the jurors.

Issue Three:     The cumulative effect of the above errors denied the Appeallant [sic] a fundamentally fair trial.

Issue Four:      The indictment was defective.[2]

*See* SCR, "Briefs & Other Pleadings" volume.

On May 18, 2006, the Mississippi Court of Appeals[3] affirmed Petitioner's judgment of conviction and sentences in a published opinion. *White v. State*, 958 So. 2d 241 (Miss. Ct. App. 2007) (Exh. A to Answer). The court rejected Issue One on its merits. With respect to Issue Two, the court held that it was procedurally barred:

> It has been established 'that to preserve an objection to alleged improper remarks by counsel during closing argument, the complaining party must not only make a contemporaneous and specific objection to the remarks, but must also obtain a definitive ruling from the trial court on his objection and must request corrective action.' *Moffett v. State*, 938 So. 2d 283, 287 (¶22) (Miss. Ct. App. 2006) (quoting *Rials v. Duckworth*, 822 So. 2d 283, 287 (¶22) (Miss. 2002)). White's counsel neither made an objection during the duration of the State's closing, nor raised the issue in his motion for new trial. As a result, this issue is waived for appeal.

*White*, 958 So. 2d at 246. The court also found that Petitioner had waived Issue Three for appeal, as it had not been raised before the trial court. *Id.*

On May 29, 2007, Petitioner filed a *pro se* motion for post-conviction collateral relief in the Mississippi Supreme Court, raising the following claims (as stated by Petitioner):

---

[2] Although this issue was not raised by Petitioner in the Petition, it is asserted in his Reply [14] and, therefore, out of an abundance of caution the court will address it.

[3] Under Mississippi statute, the Supreme Court may assign any appeal to the Court of Appeals, except with certain exceptions not applicable here. *See* Miss. Code Ann. § 9-4-3. Decisions of the Court of Appeals are final and not reviewable by the Supreme Court except on a writ of certiorari, the granting of which is discretionary. *Id.*

1.    Ineffective assistance of counsel. During trial/direct appeal, on all grounds set forth.

2.    The verdict was against the overwhelming weight of the evidence/evidence being tainted failure to object.

3.    State comitted [sic] reversal [sic] error, arguing facts not in evidence. During closing argument, plain error, prosecutorial misconduct at trial, failure to object and mistrial be declared, by motion.

4.    Violation of Petitioner's constitutional rights and statutory rights. Failure to file motion for dismissal.

*See* SCR, "Miscellaneous Pleadings" volume. The Mississippi Supreme Court denied

Petitioner's application by Order dated November 20, 2007, finding as follows:

> The panel finds that White's claims of ineffective assistance of counsel are without merit. The panel finds that all remaining claims either were raised at trial and on appeal or were capable of being raised in previous proceedings. Those claims are therefore barred. Miss. Code Ann. § 99-39-21. Notwithstanding the procedural bar, the panel determines that those claims are without merit.

*See* Exh. B to Answer.

Petitioner filed his Petition for a Writ of Habeas Corpus [1] in this court on March 20,

2008, raising the following grounds (as stated by Petitioner):

Ground One:      The verdict was against the overwhelming weight of the evidence.

Ground Two:      State committed reversible error during its closing argument arguing facts not in evidence and with improper remarks that appealed to the bias and prejudice of the petitioner to the jurors.

Ground Three:    The cumulative effect of the above errors denied the Petitioner a fundamentally fair trial.

Ground Four:     Ineffective assistance of counsel, during trial/direct appeal on all grounds set forth.

*See* Petition [1].

THE STANDARD OF REVIEW

As the Petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which it must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B(i) there is an absence of available State corrective process; or
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

Along with a determination of whether Petitioner has exhausted state court remedies, this court must also determine whether the state court has decided his asserted claims on the merits,

thus barring habeas relief except under very limited circumstances.  AEDPA provides:  "An

application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgement of a State court shall not be granted with respect to any claim that was adjudicated on

the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts review pure questions of law, as well as mixed questions of law and fact,

under subsection (d)(1).  *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000); *Corwin v. Johnson*,

150 F.3d 467, 471 (5th Cir. 1998).  The "unreasonable application" inquiry is based on an

objective standard, and for purposes of the (d)(1) analysis, "unreasonable" does not equate with

"incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004).  Rather, the application of

clearly-established precedent must be both incorrect *and* unreasonable for federal habeas relief to

be warranted.  *Id.*

Pure questions of fact are reviewed under subsection (d)(2).  *Corwin,* 150 F.3d at 471.

Determination of a factual issue made by a state court is entitled to a presumption of correctness

which the petitioner has the burden of rebutting by clear and convincing evidence.  28 U.S.C. §

2254(e)(1).  *See also Schriro v. Landrigan*, 127 S.Ct. 1933, 1939-40 (2007).

It is against this backdrop that Petitioner's claims must be reviewed – with the added

observation that a federal court does not "sit as a 'super' state supreme court" and may decide the

issues presented by the habeas petition "only to the extent that federal constitutional issues are

implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1993) (citations omitted). Thus, AEDPA provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 29 U.S.C. § 2254(a) (emphasis added). A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (citations omitted).

Claims Considered on Their Merits

Ground One

In Ground One, Petitioner argues that the verdict was against the overwhelming weight of the evidence. Specifically, Plaintiff argues that the state's main witness - the victim - testified at trial inconsistently with the statements he gave to the arresting officer and, therefore, the state "failed to present sufficient and consistent evidence to establish beyond a reasonable doubt that [he] committed the act of aggravated assault." *See* Petition at 6.

A challenge to the "weight" of the evidence is not a constitutional claim, and thus is not a ground for habeas relief. *See Griffin v. Kelly*, 2007 WL 2344955, at *5 (S.D. Miss. July 23, 2007) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)); *Vaughn v. King*, 2007 WL 2012297, at *3 (N.D. Miss. July 6, 2007) (*citing Young*, 760 F.2d at 1105). Accordingly, Petitioner is not entitled to habeas relief on his challenge to the weight of the evidence. However, although not explicitly raised by Petitioner, out of an abundance of caution the court

will liberally construe Ground One to raise a claim regarding the sufficiency of the evidence.

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).[4] This standard of review allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted). Thus, it "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).

Moreover, the determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("Where state appellate court has conducted a thoughtful review of the evidence ... its determination is entitled to great deference.") (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985)); *Gibson v. Collins*, 947 F.2d 780, 782 (5th Cir. 1991) (stating that on habeas review, federal court must "give great weight to the state court's determination) (citing *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987)).

The testimony and evidence presented at trial were discussed in great detail by the Court of Appeals, but the pertinent parts will be briefly summarized here. Lloyd Jones, the victim,

---

[4] This standard of review is applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy*, 201 F.3d at 589 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)). Petitioner was convicted under Miss. Code Ann. § 97-3-7(2)(a) (*see* SCR vol. 1 at 36), which provides that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."

testified that he was in the kitchen in Ms. Shaffer's house when Petitioner kicked in the door and said "I tried to kill you one time....I'm going to kill you this time." Jones testified that Petitioner then hit and pushed Shaffer against the wall and then attacked him, ultimately stabbing him. Jones denied that he had attacked Petitioner, and testified that he did not have a weapon at the time. As a result of the attack, Jones suffered a collapsed lung and at the time of trial, he was still in pain from it. *See* SCR vol. 2 at 25-36. William Warren, the police officer who responded to the initial complaint of a domestic disturbance at Ms. Shaffer's, testified that Ms. Shaffer had bruises on her face, and after questioning her regarding the dispute and the injuries, his only suspect was White. Officer Warren observed a knife at the scene that appeared to have blood on it. [5] *See id.* at 11-23.

Maurice Shaffer, a patrolman who responded to the scene after Warren, testified that Shaffer was the only individual present when he arrived, and after speaking with her he identified Petitioner as a suspect. Shaffer then took photographs of a radio used in the scuffle, the bruises on Shaffer's face, and the knife used. Shaffer testified that there appeared to be dried blood on the blade of the knife. Shaffer also observed that there was blood in several locations throughout the house. Shaffer later spoke with Jones, who told him that during the altercation, Petitioner told him he was going to kill him, and then he and Petitioner fought, during which he was stabbed by Petitioner. Jones told Shaffer that Petitioner tried to kill him and that he feared for his life. *See id.* at 37-58.

Ms. Shaffer, who was called to testify by the defense, not by the state, denied any recollection of photographs being taken of her bruises, and stated that she did not see the fight because she was in a different room at the time. On cross-examination, she testified that

---

[5] The knife was not sent to the crime lab for any testing. *See* SCR vol. 2 at 52.

Petitioner did hit her, although she continued to deny that he had hit her on the night of the fight. Ultimately, after being assured that she was safe, Ms. Shaffer testified that Petitioner had stabbed Jones. *See id.* at 64-76.

The Court of Appeals recognized that there were certain discrepancies in the testimony offered at trial, but noted that "the jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory and sincerity." *White*, 958 So. 2d at 245 (quoting *Noe v. State*, 616 So. 2d 298, 303 (Miss. 1993)); *see also Gibson v. Collins*, 947 F.2d 780, 786 (5th Cir. 1991) (citation omitted) ("A jury is free to choose among reasonable constructions of the evidence."). Moreover, the court noted that despite the discrepancies,[6] Jones unequivocally testified that Petitioner stabbed him with a knife he retrieved from the kitchen, and Ms. Shaffer echoed this testimony (although she claimed she had not seen the fight). *See* SCR vol. 2 at 25-26, 70, 74-76. Further, both Warren and Deputy Shaffer testified that after speaking with Ms. Shaffer immediately after the fight, they determined that Petitioner was the only suspect. *See* SCR vol. 2 at 20, 39, 51. Thus, the court concluded that "[a]fter viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *White*, 958 So. 2d at 245-46.

Petitioner has presented this court with nothing in his Petition that would overcome the deference this court must afford to the state court's decision. Nor, upon its independent review of the record, is the court able to conclude that the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193 (5th Cir. 2001).

---

[6] Petitioner's attorney highlighted these inconsistences for the jury during his closing statement. *See* SCR vol. 2 at 104-05.

Accordingly, habeas relief must be denied.

Ground Four

In Ground Four, Petitioner claims that his attorney was ineffective for failing to object at trial with respect to the claims raised in Issues 1, 2 and 3 of his direct appeal - *i.e.*, 1) that the verdict was against the overwhelming weight of the evidence; 2) that the state committed reversible error during its closing argument by arguing facts not in evidence and with improper remarks that appealed to the bias and prejudice of the jurors; and 3) that the cumulative effect of these errors denied Petitioner a fundamentally fair trial. *See* Petition at 13. Each of these claims will be addressed separately below.

It was in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: Petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." In order to establish deficiency, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id.* This court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998) (observing that the court "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted).

"To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986) (citation omitted). Further, Petitioner must not only prove that the outcome of the proceedings would have been different "but for counsel's alleged errors," but must also prove

that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62

F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

As a final point,

> It bears repeating that the test for federal habeas purposes is
> *not* whether [the petitioner made the showing required under
> *Strickland*]. Instead, the test is whether the state court's decision
> - that [the petitioner] did *not* make the *Strickland*-showing - was
> contrary to, or an unreasonable application of, the standards
> provided by the clearly established federal law (*Strickland*), for
> succeeding on his [ineffective assistance of counsel] claim.

*Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004), *cert. denied*, 541 U.S. 1087 (2004)

(emphasis and brackets in original).

<u>Verdict against weight of evidence</u>

The claim that the verdict was against the weight of the evidence was raised by

Petitioner's attorney in a motion for new trial, and it was also raised and addressed by the Court

of Appeals on Petitioner's direct appeal, along with the claim that the evidence was insufficient

to support Petitioner's conviction. *See* SCR, "Briefs & Other Pleadings" volume; *White v. State*,

958 So. 2d 241 (Miss. Ct. App. 2007) (Exh. A to Answer). Accordingly, Petitioner's claim that

his attorney was ineffective for failing to raise this claim clearly has no merit.

<u>Statements made by prosecutor</u>

Plaintiff complains about a number of statements made by the prosecutor during closing

arguments. First, Petitioner takes issue with the prosecutor's reference to him as a "bully." *See*

ecf. doc. no. 1-2 at 16; SCR vol. 2 at 103, 108, 109. Plaintiff also takes issue with the

prosecutor's statements that the victim was in "constant pain," which Plaintiff contends was in

conflict with his actual trial testimony.[7]  *See* SCR vol. 2 at 106-08.  Petitioner also complains that

the prosecutor argued that witness Shaffer was "in constant fear of her life," and accused

Petitioner of intimidating her with violence.  *See* SCR vol. 2 at 108-09.

In analyzing allegedly improper remarks made by a prosecutor during closing arguments,

"it is not enough [to warrant habeas relief] that the prosecutors' remarks were undesirable or

even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 81 (1986).  Rather, "[t]he

relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to

make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*,

416 U.S. 637, 643 (1974)); *see also U.S. v. Hitt*, 473 F.3d 146, 161 (5th Cir. 2006), *cert. denied*,

547 U.S. 1360 (2007) (Improper prosecutorial comments require reversal only, when "taken as a

whole in the context of the entire case, [they] prejudicially affected the substantial rights of the

defendant) (citations omitted).  The relevant factors for a court to consider in this analysis are: 1)

the magnitude of the prejudicial effect of the prosecutor's remarks; 2) the efficacy of any

cautionary instruction by the judge; and 3) the strength of the evidence supporting the conviction.

*See id.* (citation omitted).

The prosecutor's reference to Petitioner as a "bully" does not rise to the level of

prosecutorial misconduct, as there was testimony presented at trial that at the time of the

stabbing, Petitioner had hit Ms. Schaffer, who was eighty years old, and had "messed up" her

face.  *See* SCR vol. 1 at 27.  Photographs of Ms. Schaffer's injuries, taken on the night of the

attack, were also presented to the jury.  *See id.* at 40-41.  Further, Ms. Shaffer admitted that

Petitioner had beaten her and that she was "a little bit" scared of him.  *See id.* at 74.  Thus, the

_____

[7] For example, the victim testified that he has pain "every once in a while."  *See* SCR vol.
2 at 29-30.

reference to Petitioner as a "bully" was not unreasonable and Petitioner has failed to overcome the presumption that his attorney's decision not to object was a reasonable strategic choice.

As for the remainder of the challenged comments, Petitioner has failed to overcome the presumption that his attorney's decision not to object to these comments was a reasonable strategic choice. Moreover, the jury was instructed by the judge as follows:

> After I have completed reading this instruction, the attorneys will make closing arguments. These arguments are intended to help you understand the evidence and apply the law. But, the arguments are not evidence. Therefore, if a statement is made during the argument which is not based upon evidence, you should disregard the statement entirely.

*See* SCR vol. 1 at 6; SCR vol. 2 at 96. Finally, as discussed *supra*, the evidence presented at trial against Petitioner was strong. Accordingly, the court cannot conclude that the objectionable comments by the prosecutor during closing arguments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden*, 477 U.S. at 81 (quoting *Donnelly*, 416 U.S at 643). Thus, this claim for habeas relief should be denied.

Cumulative error

As discussed in detail through this Report and Recommendation, Plaintiff's claims of error have no merit. Accordingly, his attorney was not ineffective for failing to raise the issue of cumulative error at trial.

Ground Three

In Ground Three, Petitioner claims the cumulative effect of all of the errors asserted herein denied him a fundamentally fair trial.

Cumulative error is a basis for habeas relief only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the

13

entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (citations omitted). In evaluating the sufficiency of a cumulative error allegation, meritless claims or those that are not prejudicial cannot be cumulated, no matter how many total "errors" are raised. *See id.* (citation omitted).

As the claims raised in the instant petition are either procedurally barred or lacking merit, Petitioner's claim of cumulative error does not provide a basis for habeas relief.[8]

Ground Four

In Ground Four, Petitioner claims that his indictment was defective because it did not contain the word "serious," as required by Miss. Code Ann. § 97-3-7(2)(a). *See* Reply [14] at 5-6.

The sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003), *cert. denied*, 543 U.S. 1056 (2005); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). Moreover, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay*, 12 F.3d at 68; *see also Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Indeed, a state's interpretation of its own laws is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981); *see also Wainwright v. Goode*, 464 U.S. 78, 84 (1983) (citations omitted) (stating that "the views of the state's highest court with respect to state law are binding on the federal courts."). Because a federal habeas court "take[s] the word" of the state's highest court as to

---

[8] Moreover, although not argued by Respondent, the court notes that this claim is likely procedurally barred. On direct appeal, the court held that because this claim had not been raised before the trial court, it could not be raised on appeal. *See White*, 958 So. 2d at 246.

interpretation of its laws on a criminal matter and does not "sit to review" that interpretation, *Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997), this court must "defer to [the] implicit conclusion and interpretation of state law" by the state court. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

The Court of Appeals addressed Petitioner's defective indictment claim on his direct appeal, and that claim was examined and rejected. *See White*, 958 So. 2d at 244. Accordingly, this issue of state law provides no basis for habeas relief.

Procedural Bar

Ground Two

Respondent contends that the claim presented by Petitioner in Ground Two is procedurally barred, because it was raised by Petitioner on his direct appeal and held to be procedurally barred from review since Petitioner's counsel had failed to lodge timely and contemporaneous objections at trial. The court agrees.

If "a state court declines to hear a prisoner's...claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001). When, as in this case, the state court "clearly and expressly states that its judgment rests on a state procedural bar, a presumption arises that the state court decision rests on independent and adequate state law grounds." *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997). Petitioner may overcome the presumption by establishing that "the state did not strictly or regularly follow a procedural bar around the time of his direct appeal" and that "the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Petitioner has made

no such assertions and, therefore, falls well short of the requisite showing that the state of Mississippi did not strictly or regularly follow these procedural bars.[9]  Accordingly, this claim is procedurally barred.

Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions:  "cause and actual prejudice" or "fundamental miscarriage of justice."  *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *see also Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit").  To prove cause sufficient to excuse default, Petitioner must establish that some external impediment prevented him from making the necessary objections or following the proper procedures:  "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753 (emphasis in original).  Examples of external factors include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available" to the petitioner. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

Petitioner argues that his trial attorney was ineffective for failing to make an objection at trial or to raise the issue in Petitioner's motion for a new trial.[10]  *See* Reply [14] at 7.  As a general matter, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the

---

[9] Moreover, the contemporaneous objection rule has been held to be an adequate and independent procedural bar.  *See Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992) (citations omitted); *Elkins v. Mississippi*, 2008 WL 5156622, at *4 (N.D. Miss. Dec. 8, 2008); *see also Morris v. Mississippi*, 2009 WL 1298354, at * 4 (N.D. Miss. May 7, 2009) ("The Mississippi Court of Appeals found this issue to be procedurally barred for failure to raise a contemporaneous objection; as such, the issue is not appropriate for federal habeas review.").

[10] Petitioner's attorney filed a motion for a new trial on the sole ground that the verdict was against the overwhelming weight of evidence.  *See* SCR vol. 1 at 21.  The motion was denied by Order dated April 13, 2006.  *See id.* at 28.

petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (citations omitted). However, where attorney error constitutes ineffective assistance of counsel under the test of *Strickland* and is therefore an "independent constitutional violation," it is "cause" sufficient to excuse default. *Coleman*, 501 U.S. at 754, 755; *see also Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) ("Absent a failure by the state to perform its constitutional obligations...an attorney's error is imputed to his client.").

In *Murray v. Carrier*, 477 U.S. 478, 489 (1986), the U.S. Supreme Court held that before a claim of ineffective assistance of counsel can be used to establish cause to excuse a procedural default, it must be exhausted - *i.e.*, it must be presented as an independent Sixth Amendment claim to the highest state court in a procedurally proper manner. The Court reaffirmed this holding in *Edwards v. Carpenter*, 529 U.S. 446, 462 (2000). In his motion for post-conviction relief, Petitioner raised a claim of ineffective assistance of counsel, based upon his trial attorney's failure to object to the prosecutor's allegedly improper remarks made during closing arguments. That claim was reviewed by the Mississippi Supreme Court and denied on its merits. *See* SCR, "Miscellaneous Pleadings" volume; Exh. B to Answer. Accordingly, the court finds that Petitioner has exhausted an independent Sixth Amendment claim presented by Petitioner in Ground Two.

The court must now determine whether this alleged attorney error is sufficient cause to excuse the procedural default. "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland*...we discern no inequity in requiring him to bear the risk of attorney

error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Coleman*, 501 U.S. at 754, 755 (where attorney error constitutes ineffective assistance of counsel under *Strickland* and is therefore an "independent constitutional violation," it is "cause" sufficient to excuse default).

Petitioner's claim in Ground Four for ineffective assistance of counsel based on counsel's failure to make a contemporaneous objection to the prosecutors' comments during closing arguments, which prevented the alleged error from being reviewed on appeal, was addressed *supra*, along with several other claims of ineffective assistance of counsel. For the reasons set forth *supra* with respect to Ground Four, the court finds that Petitioner has failed to establish that his attorney was deficient or that he suffered any prejudice as a result of any alleged deficiencies. Thus, Petitioner cannot establish "cause" sufficient to excuse his procedural default of Ground Two. Having failed to establish cause, this court need not consider "actual prejudice." *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

Nor has Petitioner established that there will be a "fundamental miscarriage of justice" if this court does not review this claim. The fundamental miscarriage of justice exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this exception, Petitioner must offer "new, reliable evidence that was not presented at trial" and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."[11] *Id.* (citations

---

[11] Such evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman*, 188 F.3d at 644.

omitted); *see also Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir. 1996) (stating that "a petitioner

must *supplement* a constitutional claim with a 'colorable showing of *factual* innocence'") (citing

*McCleskey v. Zant*, 499 U.S. at 467, 495 (1991)); *Johnson v. Hargett,* 978 F.2d 855, 859 & n.18

(5th Cir. 1992) (noting that "actual innocence requires more than showing of constitutional error,

even when the verdict would have been different absent error").   Although Petitioner avers that

he is "innocence [sic] of this crime" (*see* Reply [4] at 7), Petitioner has not provided this court

with any new evidence that was not presented at trial.[12]   Accordingly, this claim is procedurally

barred and habeas relief should be denied.

      <u>Request for evidentiary hearing</u>

      Requests for an evidentiary hearing are evaluated under the provisions of 28 U.S.C. §

2254(e)(2).  *Murphy v. Johnson,* 205 F.3d 809, 815 (5th Cir. 2000).  That section delineates the

narrow circumstances under which an evidentiary hearing may be held in federal court:

> If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the applicant shows that--
>
> (A)  the claim relies on--
> (i)   a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable; or
> (ii)   a factual predicate that could not have been previously discovered through
> the exercise of due diligence; and
> (B)  the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for the constitutional error, no reasonable factfinder
> would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  The standard imposed by this section "is recognized as a dramatic

restriction on the ability of district courts to hold an evidentiary hearing."  *Guidry v. Dretke,* 397

F.3d 306, 322-23 (5th Cir. 2005) (quoting *Spreitzer v. Schomig*, 219 F.3d 639, 648 n.1 (7th Cir.

_____

[12] Indeed, Petitioner states that his innocence is "proven in the trial transcript."  *See* Reply
at 7.

2000) (internal quotations and alterations omitted).  However, the hearing bar does not apply "if a petitioner develops a factual basis for a claim in state court (or sufficiently attempts to do so)." *Guidry,* 397 F.3d at 323.

Even if the requisite factual development did occur, the petitioner is not automatically entitled to the requested hearing: "[O]vercoming the narrow restrictions of § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing, it merely opens the door for one; once a petitioner overcomes the obstacles of § 2254(e)(2), ... the district court retains discretion over the decision to grant an evidentiary hearing."  *Murphy v. Johnson,* 205 F.3d at 815; *see also Riddle v. Cockrell,* 288 F.3d 713, 720 (5th Cir. 2002) ("[E]ven after an individual meets the standard set forth in § 2254(e), a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion.").  A petitioner is "entitled to an evidentiary hearing only where a factual dispute, if resolved in his favor, would entitle him to relief, and not where [the] allegations are merely conclusory allegations unsupported by specifics."  *Murphy v. Johnson,* 205 F.3d at 816; *see also Shields v. Dretke,* 122 Fed. Appx. 133, 156 (5th Cir. 2005).

In this case, Petitioner points to no particulars that would place his claim outside Section 2254(e)(2)'s restrictions.  Accordingly, the court cannot conclude that Petitioner has sufficiently "opened the door" to warrant an evidentiary hearing at this time on the factual issues underlying his claims.  *Whitlock v. Dretke,* 129 Fed. Appx. 880, 882 (5th Cir. Mar. 31, 2005) (affirming denial of hearing where petitioner had not explained why he was entitled to a hearing under the Section 2254(d)(2) standard).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Tommy White's Petition [1] for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th of October, 2009.

s/Michael T. Parker
United States Magistrate Judge