IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY WHITE, SR., #M1572                                          PETITIONER

VS.                              CIVIL ACTION NO. 5:08-cv-164(DCB)(MTP)

CHRISTOPHER EPPS and
RONALD KING                                                       RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 22)**. Having carefully considered same, as well as the petitioner's objections thereto **(docket entry 25)**, and being otherwise fully advised in the premises, the Court finds as follows:

Before the Court is petitioner Tommy White, Sr.'s petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated assault in the Circuit Court of Yazoo County, Mississippi. He raises the following grounds: (1) the verdict was against the overwhelming weight of the evidence; (2) improper conduct by the prosecutor; (3) cumulative error; (4) ineffective assistance of counsel; and (5) defective indictment. These grounds were previously considered and rejected by the Mississippi Supreme Court either on the merits or on procedural grounds.

As Magistrate Judge Parker points out, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under

28 U.S.C. § 2254. In addition, under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits, the federal court reviews mixed questions of law and fact under 28 U.S.C. § 2254(d)(1). Since the grounds raised in Jones's federal petition involve mixed questions of law and fact, this Court's authority to grant habeas relief on these claims is limited to a determination of whether the decisions of the Mississippi Supreme Court were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

White's claim that his verdict was against the overwhelming weight of the evidence (Ground 1) is not a constitutional claim and is not a ground for habeas relief. Griffin v. Kelly, 2007 WL 2344955 *5 (S.D. Miss. July 23, 2007). Insufficiency of the evidence, on the other hand, can support a claim for habeas relief if "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Construing White's claim as the latter, Magistrate Judge Parker has conducted a thorough review of the record and concluded that White has not met the standard required for habeas relief.

Concerning White's ineffective assistance of counsel claims (Ground 4), the Report and Recommendation discusses each claim thoroughly and concludes that White has failed to establish that

his trial court's performance was deficient, that he was prejudiced by any alleged deficiencies, or that his trial was rendered fundamentally unfair or unreliable.

White asserts a claim of cumulative error (Ground 3). Cumulative error is a basis for habeas relief only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996). In evaluating the sufficiency of a cumulative error allegation, meritless claims or those that are not prejudicial cannot be cumulated, no matter how many total "errors" are raised. Id. The Report and Recommendation concludes that the claims raised in the petition are either procedurally barred or lacking merit, and that there is no cumulative error.

The petitioner claims prosecutorial misconduct during closing arguments (Ground 2). Improper prosecutorial comments require reversal only when, taken as a whole in the context of the entire case, they prejudicially affected the substantive rights of the defendant. U.S. v. Hitt, 473 F.3d 146, 161 (5th Cir. 2006). Magistrate Judge Parker concludes that no such prejudice was shown by the petitioner. As to White's attorney's failure to object to the comments of the prosecutor, the petitioner fails to overcome

3

the presumption that his attorney's decision not to object was a reasonable strategic choice. In addition, the evidence presented at trial against the petitioner was sufficiently strong so that the comments cannot be said to have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986).

Finally, the petitioner claims that his indictment was defective because it did not contain the word "serious" as required by Miss. Code Ann. § 97-3-7(2)(a) (Ground 5). The sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994). In addition, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." Id. The Report and Recommendation finds that this claim was examined and rejected by the Mississippi Court of Appeals, and provides no basis for habeas relief.

White's claims have been fully addressed by Magistrate Judge Parker in his Report and Recommendation, and the Court finds nothing in White's objections thereto which would cause it to modify the Magistrate Judge's findings. Accordingly,

IT IS HEREBY ORDERED that the petitioner's objections **(docket entry 25)** are DENIED;

4

FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 22)** is adopted as the findings of this Court.

A final judgment dismissing the petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 2nd day of April, 2010.

                                                 /s/ David Bramlette
                                                 UNITED STATES DISTRICT JUDGE